IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THERESA BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-188 |
| | ) | |
| BETSY DEVOS, Secretary U.S. Dept. of | ) | |
| Education; MICHAEL E. HOROWITZ, | ) | |
| Inspector General U.S. Dept. of Education; | ) | |
| UNITED STATES DEPT. OF EDUCATION; | ) | |
| and NAVIENT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

**I.   SCREENING OF THE AMENDED COMPLAINT**

    **A.   BACKGROUND**

Plaintiff names the following Defendants: (1) Betsy Devos, Secretary U.S. Dept. of Education; (2) Michael E. Horowitz, Inspector General U.S. Dept. of Education; (3) United

States Dept. of Education; and (4) Navient Corporation.  (Doc. no. 1, p. 2.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff obtained a federal student loan through the William D. Ford Federal Direct Student Loan Program to attend classes at Kennesaw State University ("KSU"), and she completed her course of study in May 2014.  (Doc. no. 1-1, ¶¶ 22-23, 33.)  On two occasions in "mid-year" 2018 and February 2019, Plaintiff applied unsuccessfully to the U.S. Department of Education ("DOE") for discharge of her student loans pursuant to 20 U.S.C. § 1087, which provides as follows:

> If a student borrower who has received a loan described in subparagraph (A) or (B) of section 1078(a)(1) of this title dies or becomes permanently and totally disabled (as determined in accordance with regulations of the Secretary), or if a student borrower who has received such a loan is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, has lasted for a continuous period of not less than 60 months, or can be expected to last for a continuous period of not less than 60 months then the Secretary shall discharge the borrower's liability on the loan by repaying the amount owed on the loan.

(Doc. no. 4, ¶¶ 5, 57.)  In both applications, Plaintiff alleged she was permanently and totally disabled because of (1) severe injuries sustained to her left arm during an automobile accident in 1963, when she was eighteen years old; and (2) carpal tunnel syndrome in her right hand and arm caused, at least in part, by intensive typing with only her right hand while a student at KSU.  (Doc. no. 1-1, ¶¶ 16, 25, 28.)  In 2016, Plaintiff's carpal tunnel syndrome intensified and was later diagnosed by a physician as carpal degenerative joint disease.  (Id. ¶ 24.)

In support of her 2018 and 2019 discharge applications, Plaintiff submitted medical records for the period of 2009 to 2017 from four orthopedic surgeons, and Plaintiff attached

those same supporting medical records to her complaint as Exhibit A.  (Id. ¶¶ 27-28; see doc. no. 1-2.)  However, by her own admission, Plaintiff was unable to find a physician who would complete section four of DOE application, which is a certification from a physician showing, consistent with 20 U.S.C. § 1087, the applicant "is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that will result in death, has lasted for a continuous period of not less than 60 months, or can be expected to last for a continuous period of not less than 60 months."  When DOE rejected the 2018 application because of this deficiency, Plaintiff submitted the second application in 2019 explaining she was unable to obtain the signature of a physician "due to conflicts with [their] Medical Malpractice Insurance coverage."  (Doc. no. 4, ¶ 57.)

Plaintiff avers DOE's denial of her applications was erroneous, and the physician certification requirement "was an onerous and unreasonable demand" because the medical records she attached to both applications were sufficient to demonstrate she suffers from total and permanent disability.  (Id. ¶¶ 61-62, 64.)

Plaintiff asserts the following claims:  (1) Bivens claim against Defendants Devos and Horowitz in their personal capacities for an unspecified Equal Protection violation; (2) claims "based on unlawful acts, illegal and fraudulent practice in connection with Defendants' servicing and collection of Plaintiff's student loans" against Defendants Devos, Horowitz, and Navient Corporation under the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. § 5567, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq.; (3) a breach of fiduciary duty claim against all Defendants for denial of the loan discharge applications; (4) a claim for breach of the covenant of good faith and fair dealing against all Defendants based on the

allegedly unfair denial of her loan discharge applications; (5) a Due Process claim based on the premise the physician certification requirement is arbitrary, capricious, an abuse of discretion, and not in accordance with the law; and (6) a claim under the Fifth Amendment for failure to investigate her claims of disability and wrongful rejection of her applications. (Doc. nos. 1-1, 4, 7.)  The crux of Plaintiff's complaint, and the linchpin of every claim she asserts, is the allegation DOE wrongfully denied her discharge applications based on her failure to satisfy the physician certification requirement.

Although never cited as the basis for any of the claims she asserts, Plaintiff mentions in her complaint that she also filed a "complaint" with DOE's Officer of Inspector General in February 2016 alleging "fraud and other professional misconduct by the University System of Georgia that failed to uphold its Policies and Graduate Catalog requirements . . . ."  (Doc. no. 1-1, ¶ 33).  Plaintiff alleges the University System of Georgia "failed to issue the Master Science Accounting despite Plaintiff completing 39 of the required 30 [sic] semester hours with 4.0 GPA for the dual degree program MBA/MSA degree for the non-sensical rational [sic], per KSU General Counsel, due to the merger of Southern Polytechnic University that in 2014 merged into Kennesaw State University."  (Id.)

**B.  DISCUSSION**

As explained in detail below, Plaintiff's complaint fails to state a claim for wrongful denial of her two DOE student loan discharge applications.  Instead, by admitting she never satisfied DOE's physician certification requirement, the Complaint shows DOE's denial is consistent with the statutory and regulatory framework for consideration of discharge applications.  Moreover, the physician certification requirement is not, as Plaintiff alleges, an arbitrary and unfair requirement that violates her Constitutional rights.  Nor does the

Complaint state a claim for DOE's handling of her fraud complaint against the University System of Georgia. Because Plaintiff's challenge to DOE's denial of her discharge applications fails, so too do all her related claims. Indeed, the proper denial of a discharge application cannot constitute bad faith, and there is nothing wrong with reporting a debtor's delinquency on a valid debt or attempting to collect that debt. The Court begins with the legal standard for screening *pro se* complaints before delving into the analysis supporting each of these conclusions.

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure

5

does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. DOE's Denial of the Loan Discharge Applications Was Lawful

Because the statutory discharge provision, 20 U.S.C. § 1087(a), does not specify a framework for judicial review, the Court turns to the Administrative Procedure Act ("APA"). 5 U.S.C §§ 701 et seq. The APA "provides for judicial review of federal agency actions and allows federal courts to enjoin authorities of the United States government." Citizens for Smart Growth v. Sec'y of Dep't of Transp., 669 F.3d 1203, 1210 (11th Cir. 2012) (citing 5 U.S.C. §§ 701, 702). Under the APA, a reviewing court "shall hold unlawful and set aside agency action" that is

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

6

>(D) without observance of procedure required by law;
>(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>(F) unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court.

5 U.S.C. § 706 (2). The APA provides for equitable relief only and waives sovereign immunity only to this extent. Vero Technical Supp., Inc. v. U.S. Dep't of Defense, 437 F. App'x 766, 768 (11th Cir. 2011); Faison v. Duncan, No. 2:11-CV-269-RWS, 2012 WL 1231890, at *2 (N.D. Ga. Apr. 12, 2012).

Plaintiff attacks DOE's denial as improper based on two arguments that (1) DOE's application instructions relieved her of the physician certification requirement, and she attached medical records to her application showing she is totally and permanently disabled; and (2) the physician certification requirement is an unfair requirement that violates the U.S. Constitution and exceeds DOE's authority. The Courts disagrees with both contentions.

      **a.**      **DOE Rightfully Rejected Plaintiff's Loan Discharge Applications Because the Physician Certification Requirement Applies, and Plaintiff Admittedly Failed to Obtain Physician Certification**

DOE's application instructions do not relieve Plaintiff of the physician certification requirement. Plaintiff does not attach to her Complaint a copy of the instructions, but instead quotes the instructions, in part, as follows:

> To apply for a total and permanent disability (TPD) discharge, you must provide the information the U.S. Department of Education (called "the Department" throughout this site) needs to make a determination by completing a TPD discharge application and gathering supporting documentation that shows you are totally and permanently disabled. Depending on your situation, you will either attach the supporting documentation to your application or have your physician complete Section 4 of your application.

(Doc. no. 1-1, ¶ 26.)  These instructions do not relieve all applicants of the physician certification requirement, but instead merely explain the requirement applies to some but not all applicants.  Plaintiff's interpretation of the instructions is at odds with the plain text she quotes.

Moreover, DOE implementing regulations apply the physician certification requirement to all applicants except veterans with a service-connected disability or persons receiving Social Security disability benefits.  34 C.F.R. § 685.213(b)(2)(ii) & (c).  Plaintiff does not allege she is a veteran or recipient of Social Security disability benefits.  Plaintiff alleges she receives Social Security retirement benefits "after working 50+ years," but there is no exception to the physician certification requirement for retirees.  (Doc. no. 4, ¶ 86.)  Notably, the Court has attached as Exhibit A the complete set of application instructions Plaintiff selectively quotes, downloaded from DOE's website on May 29, 2020.[1]  Those instructions explain, consistent with the regulations, the physician certification requirement applies unless the applicant is a veteran with a service-connected disability or is receiving Social Security disability benefits.

Plaintiff further contends DOE's denial of her loan discharge applications is wrongful because DOE failed to hire an independent physician to review her application, citing in support the following provision set forth in 34 C.F.R. § 685.213(b)(4)(ii):

---

[1] Consideration of the complete set of DOE instructions quoted in part by Plaintiff is appropriate.  See Halmos v. Bombardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (explaining "there is support in case law 'for considering evidence outside the pleadings in connection with a motion to dismiss if the evidence is specifically relied upon in the complaint and its contents are not in dispute.'"); see e.g., Chapman v. Abbott Labs., 930 F. Supp. 2d 1321 (M.D. Fla. 2013) (quoting Fed. R. Evid. 201(b)(2)) (taking judicial notice of information obtained from FDA website because it was publicly available and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

> The Secretary may require the borrower to submit additional medical evidence if the Secretary determines that the borrower's application does not conclusively prove that the borrower is totally and permanently disabled as described in paragraph (1) of the definition of that term in § 685.102(b). As part of the Secretary's review of the borrower's discharge application, the Secretary may require and arrange for an additional review of the borrower's condition by an independent physician at no expense to the borrower.

(Doc. no. 7, ¶ 107.)  Nothing in this section relieves an applicant of the duty to satisfy the physician certification requirement, prohibits DOE's denial of an application for failure to satisfy that requirement, or entitles Plaintiff to an independent physician review.  On the contrary, this section merely provides DOE with the discretionary authority to arrange for an independent physician review when, upon receipt of a properly filed application, DOE determines additional medical information is necessary.

For these reasons, the Complaint fails to state a claim under the APA for challenging DOE's decision to reject the loan discharge applications based on Plaintiff's admitted failure to satisfy the physician certification requirement.  The decision is proper under any standard of review, including the highly deferential APA standards quoted above.

### b. DOE Did Not Exceed its Authority or Violate Plaintiff's Constitutional Rights by Imposing the Physician Certification Requirement

Plaintiff asserts the requirement of physician certification of total and permanent disability exceeds DOE's authority and is arbitrary, capricious, unconstitutional, and an abuse of discretion.  (Doc. no. 4, ¶ 62; doc. no. 7, ¶ 106.)  Under 20 U.S.C. § 1087, "[t]he Secretary may develop such safeguards as the Secretary determines necessary to prevent fraud and abuse in the discharge of liability."  Where, as here, Congress has explicitly authorized an agency "'to elucidate a specific provision of the statute by regulation…any ensuing regulation is binding in the courts unless procedurally defective, arbitrary or

9

capricious in substance, or manifestly contrary to the statute.'" BBX Capital v. Fed. Deposit Ins. Corp, 956 F.3d 1304, 1315 (11th Cir. 2020) (quoting United States v. Mead Corp., 533 U.S. 218, 227, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)).  DOE's physician certification requirement is consistent with § 1087 and neither arbitrary nor capricious nor procedurally defective.

### 3. The Complaint Fails to State a Claim Concerning DOE's Handling of Plaintiff's Fraud Complaint Against the University System of Georgia

The Complaint also fails to state a valid claim with respect to its mention, in passing, of a complaint Plaintiff lodged with DOE in February 2016 accusing the "University System of Georgia" of fraud based on its alleged refusal to grant the degrees she earned.  (See doc. no. 1-1, ¶ 33).  DOE regulations establish a framework for assertion and adjudication of a "borrower defense" to repayment of a student loan based on allegations of wrongful acts or omissions by a school during provision of educational services for which the loan was provided.  34 C.F.R. §§ 685.206(c), 685.222(e)-(k).  However, the Complaint does not assert any claims based on DOE's handling of the fraud complaint, but instead relies entirely on DOE's rejection of her disability discharge applications.  Even if the claims were predicated on DOE's handling of the fraud allegations by Plaintiff, the Complaint still fails to state a claim because Plaintiff does not specify whether she satisfied the regulatory requirements for assertion of her borrower defense, what relief she requested from DOE, if any, whether DOE rejected the complaint, and, if so, the basis for its rejection.

      **4.    Plaintiff's Remaining Claims Fail Because They Rest Solely on Plaintiff's Allegation that DOE Wrongfully Denied Her Loan Discharge Applications**

Plaintiff asserts a bevy of claims under <u>Bivens</u>, federal statutes including FCRA, FDCPA, and CFPA, as well as state common law claims for breach of fiduciary duty and breach of the covenant of good faith and fair dealing. Most of the claims are asserted without reference to any supporting facts, and the linchpin of every claim for which she states a factual background is DOE's alleged wrongful rejection of her loan discharge applications. Because the Court finds DOE's rejection was rightful, all of Plaintiff's claims fail. Plaintiff admits she stopped making payments on the loan, and there is no basis for finding Defendants violated any of the federal acts Plaintiff cites, or otherwise are liable under any theory of state or federal law, for reporting a lawful debt as delinquent or attempting to collect a lawful debt from the defaulting borrower.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of June, 2020, at Augusta, Georgia.

                                                                                           */s/ Brian K. Epps*
                                                                                           BRIAN K. EPPS
                                                                                           UNITED STATES MAGISTRATE JUDGE
                                                                                           SOUTHERN DISTRICT OF GEORGIA